## ANTONIO PADAVANO, RELATOR, v. LAWRENCE FAGAN, MAYOR OF HOBOKEN.

Submitted December 8, 1900—Decided February 25, 1901.

1. Where a resolution was vetoed by the mayor and returned to the council, who altered it to meet one of the objections set out in the veto, and again passed it, the resolution as last passed could not become effective until again submitted to the mayor for his approval.

2. This court, in its discretion, will refuse a *mandamus* upon a city officer to sign a warrant for money when it appears from the evidence that the relator should establish his right in a proceeding in which the city might present a defence.

On application for *mandamus.*

Before Justices GARRISON and GARRETSON.

For the relator, *Leon Abbett.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

GARRETSON, J. The relator had a contract to remove ashes and garbage from the streets of Hoboken for the year ending June 15th, 1900, for the sum of $4,095 for the year, and had made a proposal to remove them for the next year for the sum of $4,845, but a new contract was not entered into with him until September 25th, 1900. In the meantime the relator removed the ashes and garbage under an arrangement, as he claimed, with the members of the committee on streets, by which he was to receive so much per day for each team and man furnished.

The street commissioner and the mayor both testified that they understood that the relator was doing this work at the same rate as was called for by his contract which had expired.

The relator for his services presented claims to the council

covering the period from June 16th to June 30th and from August 9th to September 26th, aggregating, as the figures showed, $2,176.

When the claims were presented to the mayor he vetoed them, on the ground, as stated, that the contract price was $1,062.50 for three months, and that the claims presented were for $2,185 for three months, or $1,122.50 more than he was entitled to, and for the further reason that one bill was footed up so as to amount to $100 more than it should.

Upon the return of the claims to the council they altered the footing so as to correct the bill and then passed the resolution as though passing it over his veto, and this last resolution was never submitted to the mayor.

We think that this was a new resolution, and could not become effective without the mayor's action.

We also think that the evidence shows that the circumstances under which the alleged indebtedness was incurred were such as to justify this court, in its discretion, in refusing this writ of *mandamus,* and to require the relator to establish his right to the money he claims in a proceeding in which the city might present a defence. *O'Hara* v. *Fagan,* 27 *Vroom* 279.

The *mandamus* will be refused.